Metropolitan Ventures, LLC, a Wisconsin limited liability company, Plaintiff-Appellant,

v.

GEA Associates, a Wisconsin limited partnership, Elizabeth Levins, and Margaret Reuss, as Trustee of the Henry S. Reuss Trust, Defendants-Respondents-Petitioners.

Supreme Court

*No. 2003AP1806. Decided February 21, 2007.*

2007 WI 23

(Also reported in 727 N.W.2d 502.)

¶ 1. PER CURIAM.   GEA Associates, et al. (GEA), the defendants-respondents-petitioners, move the court to reconsider its decision in the above captioned case. Metropolitan Ventures, LLC (Metropolitan), the plaintiff-appellant, moves the court to clarify its decision in this case, a request we construe to be a motion for reconsideration pursuant to Wis. Stat. § 809.64.

¶ 2.   We deny the motions for reconsideration of GEA and Metropolitan.

¶ 3.   However, we do clarify our opinion to decide issues raised by the parties but not decided by the court. Accordingly, we amend footnote 7 to read as follows:

> Metropolitan originally filed claims against GEA for breach of contract, breach of implied duty of good faith, intentional interference with contract, breach of fiduciary duty, negligence, and conversion. The trial court dismissed the claims against GEA for breach of contract, breach of fiduciary duty, and conversion. We note that the court of appeals did not review the dismissal of Metropolitan's breach of fiduciary duty and conversion claims. *See generally Metropolitan Ventures*

*v. GEA Assocs.,* 2004 WI App 189, 276 Wis. 2d 625, 688 N.W.2d 722. We affirm the trial court's dismissal of these two claims.

Metropolitan bases its claims for fiduciary duty and conversion on the novel theory that "Levins was an escrow depository for the assignments executed and delivered to her by GEA's limited partners." Metropolitan argues that, in her role as an "escrow depository," Levins breached her fiduciary duty to Metropolitan, resulting in the conversion of property that was rightfully Metropolitan's under the terms of the Assignment Agreements. Whether the Assignment Agreements created an escrow and established Levins as the escrow depository are issues of contract interpretation subject to de novo review. *Jones v. Jenkins,* 88 Wis. 2d 712, 722, 277 N.W.2d 815 (1979).

The text of the Assignment Agreements do not explicitly provide for the creation of an escrow. Metropolitan asserts that the creation of an escrow may be implied from the terms of a contract, but fails to cite any cases that so hold. Suffice to say, under the terms of these agreements, an escrow was not created. We conclude *infra,* ¶¶ 34–45, that GEA and Levins were bound by a duty to exercise good faith in their dealings with Metropolitan. However, we decline to conclude that Levins was an escrow depository possessing the even more stringent duty of a fiduciary to Metropolitan.

¶ 4. JON P. WILCOX, J., took no part.

¶ 5. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I would remand this matter to the court of appeals for further briefing and decision.