INDUSTRIAL ROOFING SERVICES, INC.
and Keith Dippel,
Plaintiffs-Appellants-Petitioners,

v.

Randy J. MARQUARDT, Dale M. Marquardt,
Bradley L. Engnath, Jeffrey P. Sampson and
Roofing Design & Solutions, Inc.,
Defendants-Respondents,

Steven W. SCHOEN and John G. Dorrer,
Defendants.

Supreme Court

*No. 2005AP189. Decided May 24, 2007.*

2007 WI 62

(Also reported in 731 N.W.2d 634.)

¶ 1. PER CURIAM.   Industrial Roofing Services, Inc. and Keith Dippel (collectively, Industrial Roofing) move the court to reconsider its opinion in *Industrial Roofing Services, Inc. v. Marquardt,* 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898, on the grounds that the court based its decision on significant factual errors and omissions, and that such errors and omissions led to an inequitable ruling, not supported by a majority of justices on this court.

¶ 2.   We conclude that the grounds for reconsideration have not been met.

¶ 3.   However, to clarify the *Industrial Roofing Services* opinion, ¶ 5, footnote 2 is changed to read as follows:

> This review pertains only to the five Marquardt defendants. A different group, the "Clark" defendants, had their complaint dismissed for essentially the same reasons as the Marquardt defendants, but under a separate order. The parties agreed that the January 12, 2005 dismissal order was not a final order as to the Clark defendants because the Clark defendants had counterclaims pending in the circuit court. Industrial filed a petition for leave to appeal from the non-final order, and the court of appeals denied that motion. Thus, the Clark defendants are not party to this review. The complaint raises additional allegations against the Clark defendants, including breach of express employment contracts and breach of fiduciary duty. The complaints against other of the original 12 defendants have also been dismissed, not appealed, and are not before the court for review.

31

¶ 4.    Additionally, ¶ 36, footnote 5 is changed for clarification to read as follows:

> A similar order was entered with respect to the Clark defendants, for whom Industrial was to pay $16,077.50 in attorney's fees.

¶ 5.    Accordingly, the motion for reconsideration is denied, without costs.