# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP2864-CRAC |
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Appellant-Cross-Respondent-Petitioner, |
| | v. |
| | Samuel Curtis Johnson, III, |
| | Defendant-Respondent-Cross-Appellant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 341 Wis. 2d 492, 815 N.W.2d 407
(Ct. App. 2012 – Unpublished)

| | |
|---|---|
| OPINION FILED: | July 3, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 25, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Racine |
| JUDGE: | Eugene A. Gasiorkiewicz |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | PROSSER, GABLEMAN, JJ., did not participate. |

ATTORNEYS:

For the plaintiff-appellant-cross-respondent-petitioner, the cause was argued by *Marguerite M. Moeller*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the defendant-respondent-cross-appellant, there was a brief by *Michael F. Hunt*, *Craig S. Powell*, *Geoffrey R. Misfeldt*, and *Kohler & Hart, S.C.*, Milwaukee, and *Mark D. Richards* and *Richards & Hall, S.C.*, Racine, and *Stephen J. Meyer* and *Meyer Law*, Madison. The cause was argued by *Mark D. Richards*.

An amicus curiae brief was filed by *Kathleen Quinn*, Milwaukee, on behalf of T.S.

An amicus curiae brief was filed by *Eric J. Wilson* and *Dustin B. Brown* and *Godfrey & Kahn, S.C.*, Madison, on behalf of the Wisconsin Coalition Against Sexual Assault.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2011AP2864-CRAC
(L.C. No. 2011CF376)

STATE OF WISCONSIN      :      IN SUPREME COURT

**State of Wisconsin,**

      **Plaintiff-Appellant-Cross-Respondent-Petitioner,**

  **v.**

**Samuel Curtis Johnson, III,**

      **Defendant-Respondent-Cross-Appellant.**

**FILED**

**JUL 3, 2013**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the court of appeals. *Cause remanded, affirmed as modified.*

¶1 PER CURIAM. This is a review of an unpublished opinion of the court of appeals that affirmed in part and reversed in part an order of the circuit court.[1] Three issues are presented for review:

---

[1] State v. Johnson, No. 2011AP2864-CRAC, unpublished slip op. (Ct. App. Apr. 18, 2012), affirming in part and reversing in part the circuit court for Racine County, Eugene A. Gasiorkiewicz, J., presiding.

¶2   First, should State v. Shiffra, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993), be overruled because its holding rests on an erroneous premise that Pennsylvania v. Ritchie, 480 U.S. 39 (1987) mandates the pretrial in camera review of privately-held, privileged records?  A majority of the court would not overrule Shiffra.  Chief Justice Abrahamson, Justice Bradley, Justice Crooks, and Justice Ziegler conclude that Shiffra should not be overruled, observing that this court has reaffirmed or applied Shiffra in a number of cases.[2]  Justice Roggensack concludes that Shiffra should not be applied to mental health records that are privately held and privileged.

¶3   Second, if Shiffra is not overruled, has the defendant met his burden under State v. Green, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298, to make an initial showing of materiality entitling him to an in camera review of the privately-held records?  A majority of the court concludes that he has met the requisite burden to make an initial showing of materiality. Chief Justice Abrahamson, Justice Bradley, and Justice Crooks conclude that the defendant has satisfied his burden under Green.  Justice Roggensack and Justice Ziegler conclude that the defendant has not satisfied his burden.

---

[2] See, e.g., Johnson v. Rogers Memorial Hosp., Inc., 2005 WI 114, ¶¶72-73, 283 Wis. 2d 384, 700 N.W.2d 27; State v. Allen, 2004 WI 106, ¶31, 274 Wis. 2d 568, 682 N.W.2d 433; State v. Green, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298; State v. Rizzo, 2002 WI 20, 250 Wis. 2d 407, 640 N.W.2d 93; State v. Solberg, 211 Wis. 2d 372, 564 N.W.2d 775 (1997); State v. Speese, 199 Wis. 2d 597, 545 N.W.2d 510 (1996).

¶4 Third, if <u>Shiffra</u> is not overruled, may the circuit court require production of the privately-held, privileged mental health records in this case for in camera review when the 17-year-old privilege-holder refuses to consent to their release? Chief Justice Abrahamson and Justice Bradley agree with Judge Brown's dissent in the present case at the court of appeals that the circuit court may require production of the records for an in camera review and that <u>Shiffra</u> does not necessarily require the suppression of the privilege-holder's testimony if she refuses to release her records.[3] They would affirm the circuit court's determination in this case, which has already balanced the competing interests, concluding that suppression of the privilege-holder's testimony is neither required nor appropriate as a sanction here.[4] Justice Crooks and Justice Ziegler conclude that the court may not require production, but their rationales differ. Justice Crooks concludes that the privilege-holder may not testify without

---

[3] <u>State v. Johnson</u>, No. 2011AP2864-CRAC, ¶24, unpublished slip op. (Ct. App. Apr. 18, 2012) (Brown, J. dissenting). As Judge Brown concluded, "the [psychiatrist's] privilege and the right to present a defense are . . . two equally conflicting interests and neither should be given absolute preference over the other. . . . When there are two competing and compelling societal interests, it is for the court to balance these interests on a case-by-case basis." <u>Id.</u>, ¶¶26-27.

[4] Chief Justice Abrahamson and Justice Bradley would not affirm the circuit court's decision to give a curative jury instruction regarding any inferences to be taken from the privilege-holder's invocation of her privilege because Wis. Stat. § 905.13 prohibits such an instruction or other comment by judge or counsel.

voluntarily producing the records under Shiffra. He is concerned about the defendant's ability to present a meaningful defense. Justice Ziegler concludes that the privilege-holder may testify because the defendant has not satisfied his burden under Green. Justice Roggensack concludes that the court cannot require production of the privately-held, privileged mental health records, and therefore that the privilege-holder may testify. Thus, under varying rationales, Chief Justice Abrahamson, Justice Bradley, Justice Roggensack, and Justice Ziegler agree that in this case, the privilege-holder may testify and need not produce the records.

¶5 As a result of the responses to the above third issue, we determine the following:

¶6 First, under varying rationales, a majority of the court concludes that in this case, the circuit court may not require production of the privately-held, privileged mental health records for in camera review.

¶7 Second, under varying rationales, a majority of the court concludes that the privilege-holder may testify in this case.

¶8 Although there is a majority regarding each issue presented, we limit our writing because of the varied rationales.

¶9 Accordingly, the decision of the court of appeals is modified and affirmed. The cause is remanded to the circuit court for further proceedings. Upon remand, the circuit court may not require production of the privately-held, privileged

mental health records for in camera review.  However, upon remand, the privilege-holder may be called to testify in this case.

*By the Court.*—The decision of the court of appeals is modified and affirmed and, as modified, the cause is remanded to the circuit court.

¶10  Justices David T. Prosser, Jr. and Michael J. Gableman did not participate.