PER CURIAM.
¶ 1. On July 3, 2013, this court
issued a per curiam opinion in State v. Johnson, 2013 WI 59, 348 Wis. 2d 450, 832 N.W.2d 609, which modified and affirmed the unpublished decision of the court of appeals, State v. Johnson, No. 2011AP286-CRAC, unpublished slip op. (Wis. Ct. App. Apr. 18, 2012), and remanded the matter to the circuit court for further proceedings. On July 22, 2013, both Johnson and the State filed motions for reconsideration of the court's decision. Given the parties' motions, we acknowledge the necessity of clarifying the previous per curiam. The court hereby grants Johnson's motion for reconsideration in order to clarify that this court's previous per curiam opinion represented a deadlock and should not be read as minority vote pooling.[1] Because this court has deadlocked, the court of appeals decision must be affirmed.
¶ 2. Specifically, no three justices reach agreement to either affirm, reverse, or modify the decision of the court of appeals consistent with precedent. Conse *121 quently, the court of appeals decision remains the law of the case. See Phillips v. U.S. Bank Nat'l Ass'n, 2010 WI 131, ¶¶ 1-2, 329 Wis. 2d 639, 791 N.W.2d 190; Hornback v. Archdiocese of Milwaukee, 2008 WI 98, ¶ 63, 313 Wis. 2d 294, 752 N.W.2d 862; see also 6A Jay E. Grenig, Wisconsin Practice Series: Appeal and Review § 55:18 (5th ed.). In light of the motion for reconsideration and the fact that our previous per curiam left the parties and the circuit court without sufficient guidance or ability to proceed consistent with precedent, the court is now compelled to clarify that per curiam.
¶ 3. Relevant to the case at issue, our conclusions are guided by longstanding precedent. State v. Green, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298; State v. Shiffra, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993). To be clear, as a court of five justices, we do not herein overturn or modify any precedent. Very simply stated, the court of appeals is affirmed because no three justices conclude either (1) that under Shiffra, the victim must produce the records if she is to testify, or (2) that under Green, the victim need not produce the records in order to testify.
¶ 4. In the case at issue, Shiffra and Green leave each justice with any one of the above options, but precedent does not provide any justice with the option to consider the production of medical records without tethering that production determination to its impact upon whether the victim may testify. Green, 253 Wis. 2d 356, ¶ 37; Shiffra, 175 Wis. 2d at 612. Precedent instructs us that those considerations are necessarily tethered together. Simply stated, Shiffra and Green instruct us that an alleged victim may:
• Produce the medical records and then testify,
• Not produce the records and then not testify, or
*122 • Not produce the records because the records are not required to be produced, and nonetheless testify.
¶ 5. Critically, our previous per curiam did not clearly state that the court of appeals must be affirmed because no one of the above options were accepted by any three justices. The decision to produce and the consequence of whether testimony is allowed cannot be separated. Green, 253 Wis. 2d 356, ¶ 37; Shiffra, 175 Wis. 2d at 612. The prior per curiam was incorrect to convey that a majority could be reached by separating whether the medical records must be produced from whether the victim may testify because such a separation would produce new criteria that a majority of the court has not authorized.
¶ 6. We have been presented with a motion for reconsideration because we failed to make clear that no three justices have chosen only one of the options above. As a point of clarification, we will briefly expound upon each justice's legal conclusions.
¶ 7. In the case at issue, Justice Crooks concludes that Shiffra is good law and if the victim will not produce her medical records, then she cannot testify. Justice Crooks' position is consistent with precedent. He would affirm the decision of the court of appeals.
¶ 8. Consistent with the precedent in Green, Justice Ziegler concludes that the defendant did not make a sufficient showing to require an in camera review. Thus, the victim need not produce her records and she may nonetheless testify. Justice Ziegler would reverse the decision of the court of appeals.
¶ 9. Justice Roggensack similarly concludes that the victim need not produce her medical records and that she may testify, but Justice Roggensack would overrule Shiffra. Justice Roggensack further concludes *123 that, even if Shiffra is not overruled, the requisite showing under Green has not been made so as to require the victim to produce her records and that the victim may testify. Thus, Justice Roggensack would also reverse the decision of the court of appeals.
¶ 10. Chief Justice Abrahamson and Justice Bradley, however, do not adopt any of the above Shiffra or Green analyses, nor would they overrule Shiffra. Instead, Chief Justice Abrahamson and Justice Bradley separate the decision to produce the medical records from whether the victim is permitted to testify. They conclude that a majority can be reached by taking a vote on each issue separately. We do not adopt this piecemeal approach, as it is inconsistent with precedent.
¶ 11. Stated differently, neither Chief Justice Abrahamson nor Justice Bradley's conclusions accept any one of the following options available under longstanding precedent: (1) the victim must produce her medical records, in order to be allowed to testify under Shiffra; (2) if the victim refuses to produce her medical records, then she is not allowed to testify under Shiffra; and (3) if there is no showing so as to require the victim to produce her medical records for in camera inspection, she may nonetheless testify under Green.
¶ 12. Instead, Chief Justice Abrahamson and Justice Bradley would first determine whether a victim must produce her records, and then make a separate determination on whether she may testify, without accounting for the necessary connection between the two considerations. The procedure espoused by Chief Justice Abrahamson and Justice Bradley is a departure from common practice and precedent. Circuit courts and counsel have functioned well using the Shiffra/Green analysis for many years, and we are mindful not to inadvertently or unintentionally over *124 turn that precedent in this five-justice, per curiam opinion that has no majority.
¶ 13. As a result, since a majority of the court has not reached consensus under precedent so as to decide the issue presented and the court is deadlocked, the decision of the court of appeals must be affirmed.
By the Court. — The motion for reconsideration is granted.
¶ 14. DAVID T. PROSSER, J., and MICHAEL J. GABLEMAN, J., did not participate.

 The State's motion for reconsideration related to a separate issue on jury instructions. The State's motion for reconsideration is denied.