¶ 74.
PATIENCE DRAKE ROGGENSACK, C.J.
(concurring). The writing of Justice Shirley S. Abrahamson and Justice Ann Walsh Bradley herein causes concern because it diminishes the significant and sensitive issues for which review was granted; attempts to demean the writings of other justices rather than addressing legal reasoning they employ; and may evidence a pattern of joint writing that is bottomed in a desire to injure rather than to inform.
*57 ¶ 75. In this review, the court is faced with deciding competing legal issues: Lynch's alleged constitutional right to obtain the complainant's mental health treatment records to defend against charges of sexual assault; the complainant's privilege to withhold confidential mental health treatment records; precedent that would bar the complainant from testifying against Lynch if she does not waive the privilege she holds in regard to her mental health treatment records; and whether that precedent should be followed or modified. Justice David Prosser, Justice Annette Ziegler and Justice Michael Gableman have addressed these complex issues in various ways.
¶ 76. Justice Abrahamson and Justice A.W. Bradley characterize their writings as "the Twilight Zone" and "the court's imaginative zone." This defamatory labeling of colleagues' writings does not address the legal issues the parties asked us to review. However, it is the type of comment that the press will seize upon and report over and over again. Justice Abraha-mson and Justice A.W. Bradley know what the press will do. They even cite to the 1959 television program to aid the press in reporting their comments.
¶ 77. More importantly however, Justice Abrahamson's and Justice A.W. Bradley's defamatory labeling of colleagues' writings demonstrates a lack of respect for the very serious constitutional and sensitive personal issues presented by the parties who sought our review: a woman who claims repeated sexual assault at the hands of Lynch and Lynch's claim that he cannot adequately defend against her allegations without her mental health treatment records.
¶ 78. None of the issues before us has anything to do with the Twilight Zone or any other zone. *58 Rather, they are significant and complex issues that the court has repeatedly struggled to address. See State v. Johnson, 2013 WI 59, 348 Wis. 2d 450, 832 N.W.2d 609 (per curiam); State v. Johnson, 2014 WI 16, 353 Wis. 2d 119, 846 N.W.2d 1 (per curiam) (opinion on reconsideration).
¶ 79. And finally, Justice Abrahamson's and Justice A.W. Bradley's combined writing herein may evince a pattern, wherein they combine to mount personal attacks on colleagues, rather than attacking reasoning other justices employ when deciding issues presented to the court for review. See St. Croix Cty. v. Michael D., 2016 WI 35, ¶ 53, 368 Wis. 2d 170, 880 N.W.2d 107 (Roggensack, C.J., concurring). Because transparency is helpful to the reader, I write separately and also join the lead opinion.