PER CURIAM.
¶1 Zacharie Bauer appeals a judgment of conviction for repeated sexual assault of a child, as a habitual criminal. Bauer also appeals a circuit court order denying his motion for postconviction relief. Bauer argues that he received ineffective assistance of counsel because his defense attorney should have used expert testimony to cast doubt on his victim's allegations. Alternatively, Bauer argues that he should be granted a new trial based on newly discovered evidence in the form of an expert report from a psychologist. We reject both arguments and affirm.
BACKGROUND
¶2 Bauer was charged with repeated sexual assault of a child, as a repeater, based on accusations made by the seven-year-old daughter of Bauer's former live-in girlfriend. During a forensic interview, the victim stated that on several occasions, Bauer made her touch, rub, and lick his "boy parts," "peed" in her mouth but told her that it was not pee and to "keep doing it" or "keep going," and put something slippery on his penis that smelled like strawberries. The victim also stated that Bauer put his finger "in [her] butt."
¶3 At trial, Bauer's defense was that the victim's mother had coached the victim to falsely accuse him. Bauer argued that the victim's mother was angry with him and wanted to "make him pay" for the way Bauer had treated the mother. Bauer's mother, Sara Jolla, testified that the child's mother told Jolla that she was "going to get revenge" on Bauer and "ruin his life." According to Jolla, after Bauer was arrested, the child's mother told Jolla, "we know what she has to say. We will make sure that she gets [it] right. I will ruin his life."
¶4 A jury convicted Bauer, and the circuit court sentenced him. Bauer filed a motion for postconviction relief, arguing that he received ineffective assistance of counsel based on his attorney's failure to obtain expert testimony that would provide the jury with alternative explanations for the victim's allegations. Bauer also argued that an expert report prepared by psychologist David Thompson was newly discovered evidence warranting a new trial.
¶5 Dr. Thompson's expert report offered two sets of opinions regarding the victim's allegations. First, relying on the theory of "negative stereotype induction," Dr. Thompson opined that negative comments about Bauer made by the victim's mother could have put pressure on the victim to make similarly negative allegations against Bauer. Second, Dr. Thompson discussed other theories that could potentially undermine the reliability of the victim's allegations.
¶6 The circuit court denied Bauer's motion without an evidentiary hearing. Bauer appeals.
DISCUSSION
¶7 Bauer argues that the circuit court improperly denied his postconviction motion alleging ineffective assistance of counsel without a hearing. Alternatively, Bauer argues that he is entitled to a new trial on the ground that Dr. Thompson's report is newly discovered evidence. We address each argument in turn.
I. Did the Circuit Court Properly Deny Bauer's Motion Without an Evidentiary Hearing?
¶8 In order for a defendant to be entitled to an evidentiary hearing, a postconviction motion must allege sufficient material facts that, if true, would entitle the defendant to the relief sought. See State v. Allen , 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. "[T]he circuit court has the discretion to deny the postconviction motion without a ... hearing if the motion fails to allege sufficient facts to raise a question of fact, presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief." State v. Roberson , 2006 WI 80, ¶43, 292 Wis. 2d 280, 717 N.W.2d 111 (quoted source omitted).
¶9 Here, the circuit court determined that Dr. Thompson's report did not express any opinions that undermined the child's statements that incriminated Bauer and, without that, Dr. Thompson's opinions are not admissible in evidence. Accordingly, the circuit court concluded that Bauer had failed to present sufficient facts to show that he was entitled to relief.
¶10 "[W]hether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief ... is a question of law that we review de novo." Allen , 274 Wis. 2d 568, ¶9. We therefore turn to Bauer's claim that he received ineffective assistance of counsel due to the defense attorney's failure to present testimony from Dr. Thompson at trial.
¶11 To establish ineffective assistance of counsel, Bauer must show that his attorney's performance was deficient and that such performance prejudiced his defense. See Strickland v. Washington , 466 U.S. 668, 687 (1984). In order to establish deficient performance, Bauer must identify counsel's specific acts or omissions that fell "outside the wide range of professionally competent assistance." Id. at 690. Merely showing that "counsel was imperfect or less than ideal" is not sufficient to satisfy this standard. State v. Burton , 2013 WI 61, ¶48, 349 Wis. 2d 1, 832 N.W.2d 611 (quoted source omitted).
¶12 In order to establish prejudice, Bauer must show that the alleged defect in the attorney's performance "actually had an adverse effect on the defense." See Strickland , 466 U.S. at 693. This requires a defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Lepsch , 2017 WI 27, ¶16, 374 Wis. 2d 98, 892 N.W.2d 682 (quoted source omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "The focus of this inquiry is not on the outcome of the trial, but on the reliability of the proceedings." State v. Thiel , 2003 WI 111, ¶20, 264 Wis. 2d 571, 665 N.W.2d 305 (quoted source omitted).
¶13 We need not address both components of the analysis if a defendant makes an inadequate showing on one. See Strickland , 466 U.S. at 697.
¶14 Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact. See State v. Alexander , 2015 WI 6, ¶15, 360 Wis. 2d 292, 858 N.W.2d 662. "We uphold a circuit court's factual findings unless they are clearly erroneous." Id . "[W]hether counsel's performance was deficient and whether a defendant was prejudiced thereby, present questions of law that we review independently." Id .
¶15 Here, we agree with the circuit court that Bauer's motion fails to allege facts that, if true, would entitle him to relief. As we explain below, Dr. Thompson's report does not contain opinions that would be admissible testimony at trial. Therefore, Bauer has not met his burden of alleging facts to show that he was prejudiced by his attorney's failure to pursue expert testimony regarding potential sources of false allegations from the victim. See State v. Carter , 2010 WI 40, ¶¶37-38, 324 Wis. 2d 640, 782 N.W.2d 695 (even if the defense attorney's performance were deficient, the fact that the testimony would have been inadmissible means that the defendant was not prejudiced).
¶16 We previously had the opportunity to consider the admissibility of similar testimony from Dr. Thompson. See State v. Schmidt , 2016 WI App 45, ¶¶76-77, 370 Wis. 2d 139, 884 N.W.2d 510. We explained that, in order to be admissible, Dr. Thompson's testimony must satisfy four requirements:
(1) The testimony of the expert witness met the WIS. STAT . § 907.02 standards governing the admission of expert testimony;
(2) The expert testimony was "clearly relevant to a material issue" in the case;
(3) The expert testimony was necessary to the defendant's case; and
(4) The probative value of the expert testimony outweighed its prejudicial effect.
Id. , ¶74.
¶17 A key problem identified in Schmidt was that Dr. Thompson had not reviewed the interview conducted in that case. We explained that "[b]ecause Dr. Thompson could not offer any conclusion as to whether [the victim's] testimony had been influenced by suggestive interview techniques, Thompson's testimony would not have made it less probable that [the victim's] account at trial was accurate." Id. , ¶84. Bauer argues that the report in his case is different because Dr. Thompson reviewed the video and transcript of the interview with Bauer's victim and was able to offer specific comments. However, as we explain below, Dr. Thompson nonetheless fails to offer any conclusions that would be admissible.
¶18 We first address Dr. Thompson's opinion that "negative stereotype induction" could have influenced the victim's allegations. According to Dr. Thompson, "negative stereotype induction" occurs when "factors external to the child" significantly affect a child's statements and create pressure to make negative statements about an individual. Dr. Thompson identifies a few examples of negative comments or assertions about Bauer that were allegedly made by the child's mother and then speculates that the victim might have overheard these comments and could have potentially been influenced by them.
¶19 In order for Dr. Thompson's opinions to be admissible, Dr. Thompson must sufficiently connect his opinions to the facts of the case. See State v. Pittman , 174 Wis. 2d 255, 269, 496 N.W.2d 74 (1993) ("[H]ere the expert's testimony had no meaning because there was nothing in his testimony to tie his general statements to this case."). Dr. Thompson's speculation about what the child may have heard is not enough to connect his opinion to the facts of this case. In addition, even if the child did hear those negative comments or assertions, Dr. Thompson only identified "potential" risks. Testimony about potential risks invites the jury to speculate and is therefore more prejudicial than probative. See Schmidt , 370 Wis. 2d 139, ¶86 (excluding expert testimony because it would "mislead or confuse the jury by requiring them to speculate about what had occurred").
¶20 The only factual support that Dr. Thompson points to for the opinion that the victim may have been influenced by "negative stereotype induction" are two statements made by the victim during the interview: (1) "[D]id you know that [Bauer is] in love with the baby sitter? The baby sitter I hate."; and (2) Bauer "stole our dog." Dr. Thompson opines that these statements demonstrate that the victim had a "poor opinion" of Bauer and therefore provide "further evidence for concerns about a negative stereotype induction." But this aspect of Dr. Thompson's report does not suggest that Dr. Thompson was prepared to offer the conclusions necessary for his testimony to be relevant because, again, Dr. Thompson opines only about generalized "concerns" rather than actual effects on the child's statements implicating Bauer. Id. , ¶84 (experts must offer conclusions in order for their testimony to be relevant under WIS. STAT . § 904.01 (2017-18) ).[1]
¶21 The remainder of Dr. Thompson's report addresses several other theories regarding the reliability of a child's allegations, including purported suggestive interview techniques, interviewer bias, source misattribution errors, and therapy effects. Dr. Thompson opines that the jury should have heard about these theories so that the jury could properly assess the reliability of the victim's allegations. However, as with Dr. Thompson's opinion regarding negative stereotype induction, his proposed testimony about the potential for unreliable allegations does not tie those ideas to any actual effects on the child or her statements that incriminate Bauer as required by Schmidt and, as explained above, such testimony is not admissible.
¶22 Further, Dr. Thompson opined that the interviewer asked a suggestive question by having the child identify various body parts and then asking the child about touches that she did not enjoy. Dr. Thompson explained that the practice of asking a child victim to name body parts before the child interviewee has made any allegations has been criticized as suggestive. However, notwithstanding this specific critique, Dr. Thompson fails to draw any conclusions about the reliability of the victim's accusations. Instead, Dr. Thompson concludes that "[t]he jury ... should have been informed of the potential for tainting of the child's memory and reports by these questions." However, as explained above, information about mere potential risks only is not admissible.
¶23 We therefore agree with the circuit court that Dr. Thompson's testimony would not have been admissible at trial. Without admissible evidence, Bauer has not satisfied his burden of showing a reasonable probability of a different outcome at trial. See Carter , 324 Wis. 2d 640, ¶¶37-38 (a defendant is not prejudiced by an attorney's failure to elicit testimony that would be inadmissible). In turn, this means that the circuit court properly denied an evidentiary hearing on Bauer's ineffective assistance of counsel claim. See Roberson , 292 Wis. 2d 280, ¶44 (a court may deny a postconviction motion without an evidentiary hearing where "the record sufficiently establishes that [the defendant] was not prejudiced by his counsel's actions"). Accordingly, we affirm the circuit court's decision to deny Bauer's postconviction motion without a hearing.
II. Is Dr. Thompson's Report Newly Discovered Evidence Warranting a New Trial?
¶24 We now turn to Bauer's alternative argument that Dr. Thompson's report represents newly discovered evidence that warrants a new trial.
¶25 "In a motion for a new trial based on newly discovered evidence, the defendant must prove, by clear and convincing evidence, that (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." State v. Avery , 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60 (quoted source omitted). "If the defendant is able to make this showing, then the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial." Id. (quoted source omitted).
¶26 Assuming without deciding that Dr. Thompson's report constitutes newly discovered evidence, we dispose of this claim for relief because it suffers from the same infirmity as Bauer's claim of ineffective assistance of counsel. Specifically, the information in Dr. Thompson's report is not admissible, and therefore Bauer is unable to show that testimony based on the contents of the report would create a reasonable probability of a different result at trial. On that basis, we affirm the circuit court's order denying Bauer's motion for a new trial based on newly discovered evidence.
CONCLUSION
¶27 Bauer has not alleged sufficient facts to demonstrate that he received ineffective assistance of counsel, nor has he shown newly discovered evidence that warrants a new trial. Accordingly, we affirm the judgment of conviction and the circuit court's order denying postconviction relief.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.