STATE of Wisconsin, Plaintiff-Respondent,

v.

John ALLEN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 02–2555–CR. Oral argument April 28, 2004.—Decided July 8, 2004.*

2004 WI 106

(Also reported in 682 N.W.2d 433.)

For the defendant-appellant-petitioner there were briefs by *Michael J. Backes,* Milwaukee, and oral argument by *Michael J. Backes.*

For the plaintiff-respondent the cause was argued by *Christopher G. Wren,* assistant attorney general, with whom on the case was *Peggy A. Lautenschlager,* attorney general.

¶ 1. PATIENCE D. ROGGENSACK, J. John Allen petitions for review of an unpublished court of appeals decision that affirmed an order of the circuit court, Milwaukee County, M. Joseph Donald, presiding, denying Allen's postconviction motion without a hearing. In his postconviction motion, Allen claimed he was denied effective assistance of counsel. He also requested an order for postconviction discovery and an in camera review of certain records.

¶ 2. We conclude that in order to secure a hearing on a postconviction motion, Allen must have provided sufficient material facts—*e.g.,* who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks. Because Allen failed to do so, and because the record also conclusively demonstrates that he is not entitled to relief, we conclude the circuit court did not erroneously exercise its discretion when it denied Allen's motion without a hearing.

## I. BACKGROUND

¶ 3. On February 9, 2001, the State charged Allen with two counts of first-degree sexual assault of a child and two counts of second-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1) and (2)

(1995–96).[1] The charges arose from separate incidents with four separate girls, Kelyanna A., Tekiara B., Shalisia B., and Erica J. Tekiara B. and Shalisia B. are Allen's stepdaughters. At the time of the alleged assaults, the girls lived with Allen and their mother, Lynn Allen. Several years after she allegedly was assaulted by Allen, Shalisia wrote a letter to Patricia B., her stepmother, in which she accused Allen of sexual assault. Patricia B. told her husband, Bobby B., who is the girls' biological father, and Bobby B. informed the police.

¶ 4. All four of the girls testified at trial. Both Tekiara and Shalisia testified that they were assaulted by Allen five to six years earlier. Tekiara testified that she was happy living with her mother, who at that time was also living with Allen, her husband; however, Shalisia testified that she wanted to live with her father, Bobby B., and would "do anything" to make that happen. She said that the reason she wanted to live with her father was because Allen sexually assaulted her.

¶ 5. The only two defense witnesses were Bobby B., the girls' biological father, and Allen. Allen asserted that the alleged assaults did not happen, and suggested the girls were conspiring to falsely accuse him. He testified that Kelyanna was angry with him because he would not let Shalisia associate with Kelyanna anymore because Kelyanna, who was older than Shalisia, was dating boys and staying out late. He testified that he believed that Tekiara and Shalisia were angry with him and were falsely accusing him of sexual assault because

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted. One of the charges of second-degree sexual assault of a child later was amended to first-degree sexual assault of a child to reflect the testimony at trial.

he punished them for not washing the dishes. He also testified that Shalisia wanted to go live with her father, Bobby B.

¶ 6. Bobby B. testified that there was pending litigation regarding the placement of Shalisia, but denied that he intended to accuse Allen of sexual assault to make it easier for him to get placement. He further denied that he told either Shalisia or Tekiara to tell the police that Allen sexually assaulted them; he testified he told the girls to tell only the truth. Allen's trial counsel questioned Bobby B. about a letter he supposedly had written to the police about the alleged sexual assaults. Bobby B. denied ever writing a letter, and no such letter was ever produced.

¶ 7. The jury found Allen guilty of the assaults against Kelyanna, Tekiara and Shalisia, and acquitted him of the alleged assault against Erica J. Allen was sentenced to an aggregate of 50 years in prison. Allen filed a postconviction motion alleging ineffective assistance of counsel, requesting a new trial in the interest of justice, and requesting postconviction discovery and an in camera review of all records of Milwaukee County's Sensitive Crime Unit regarding any allegations made by Bobby B. In support of his motion for ineffective assistance of counsel, Allen raised three issues: trial counsel's failure to be prepared to examine Bobby B.; his failure to call Lynn Allen as a witness; and his failure to submit what Allen characterized as a "*Shiffra*[2] motion" regarding an in camera review of potentially exculpatory evidence.

---

[2] *State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993).

¶ 8. The circuit court denied Allen's motion without a *Machner*[3] hearing. The court of appeals, in a per curiam decision, affirmed. Allen petitioned this court for review. He argued the circuit court erred in denying his motion because he had alleged specific instances of deficient performance that were prejudicial, as is required by *State v. Bentley,* 201 Wis. 2d 303, 548 N.W.2d 50 (1996). We granted review to clarify the *Bentley* standard.

## II. DISCUSSION

A. Standard of Review

¶ 9. Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant to a hearing for the relief requested is a mixed standard of review. First, we determine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. This is a question of law that we review de novo. *Bentley,* 201 Wis. 2d at 309–10. If the motion raises such facts, the circuit court must hold an evidentiary hearing. *Id.* at 310; *Nelson v. State,* 54 Wis. 2d 489, 497, 195 N.W.2d 629 (1972). However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing. *Bentley,* 201 Wis. 2d at 310–11; *Nelson,* 54 Wis. 2d at 497–98. We

---

[3] Where an ineffective assistance of counsel claim is raised, trial counsel must be informed and his or her presence is required at any hearing in which counsel's conduct is challenged. *State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

require the circuit court "to form its independent judgment after a review of the record and pleadings and to support its decision by written opinion." *Nelson*, 54 Wis. 2d at 498. *See Bentley*, 201 Wis. 2d at 318–19 (quoting the same). We review a circuit court's discretionary decisions under the deferential erroneous exercise of discretion standard. *In re the Commitment of Franklin*, 2004 WI 38, ¶ 6, 270 Wis. 2d 271, 677 N.W.2d 276; *Bentley*, 201 Wis. 2d at 311.

## B. Pretrial and Postconviction Motions

■

¶ 10. A defendant may make pretrial and postconviction motions. *See, e.g.*, Wis. Stat. § 971.31 (2001–02) (permitting motions before trial whenever the general issue in the motion can be determined without trial); Wis. Stat. § 974.06 (2001–02) (allowing for the filing postconviction motions to vacate, set aside or correct a sentence). At a minimum, a motion, whether made pretrial or postconviction, must "[s]tate with particularity the [factual and legal] grounds for the motion," Wis. Stat. § 971.30(2)(c) (2001–02), and must provide a "good faith argument" that the relevant law entitles the movant to relief, Wis. Stat. § 802.05(1)(a) (2001–02).[4] Not all motions require evidentiary hearings. *See* 9 Wiseman, Chiarkas and Blinka, *Wisconsin Practice: Criminal Practice and Procedure* § 11.5 (1996). However, where an evidentiary hearing is requested, one is not automatically granted. The court "does not have to hold an evidentiary hearing on a motion just because a party asks for one." *State v. Velez*, 224 Wis. 2d 1, 12, 589

---

[4] Wisconsin Stat. § 802.05 is a rule of civil procedure; however, it applies to motion practice in criminal proceedings. Wis. Stat. § 972.11(1) (2001–02).

N.W.2d 9 (1999) (quoting *United States v. Sophie,* 900 F.2d 1064, 1071 (7th Cir. 1990)). We have defined sufficiency standards that must be met for both pretrial and postconviction motions before a hearing is granted.

### 1. Pretrial motions

¶ 11. When a motion is made before trial, the defendant likely has not fully developed the factual and legal issues involved in his or her case. *Velez,* 224 Wis. 2d at 13; *State v. Garner,* 207 Wis. 2d 520, 532–33, 558 N.W.2d 916 (Ct. App. 1996). As well, the defendant has the whole criminal process before him or her, and may make a motion at a later date. Therefore, even if the motion on its face does not allege facts to entitle the defendant to relief, a defendant generally is allowed an opportunity to develop the factual record. *Velez,* 224 Wis. 2d at 18; *Garner,* 207 Wis. 2d at 533–535. This safeguard protects a defendant's due process rights. *Velez,* 224 Wis. 2d at 14. We do not need to delve further into the sufficiency standard for pretrial motions as that issue is not directly before us today.[5] We raise it only to point out that once the criminal process has been completed and the defendant convicted and sentenced, the reasons that support a lesser sufficiency standard for pretrial motions are no longer compelling, and instead, we must consider the strong policy that favors finality. *Teague v. Lane,* 489 U.S. 288, 309 (1989) (calling the principle of finality "essential to the operation of our criminal justice system"); *State v. Lo,* 2003 WI 107, ¶ 75, 264 Wis. 2d 1, 665 N.W.2d 756 (quoting

---

[5] *State v. Velez,* 224 Wis. 2d 1, 589 N.W.2d 9 (1999), contains a comprehensive discussion and application of the pretrial motion sufficiency standard.

*Teague*). Therefore, the sufficiency standard for post-conviction motions requires more from a defendant.

2. Postconviction motions, the *Bentley* standard

¶ 12. As we stated earlier, the circuit court must hold a hearing when the defendant has made a legally sufficient postconviction motion, and has the discretion to grant or deny an evidentiary hearing even when the postconviction motion is legally insufficient. *See supra*, ¶ 9. The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief;[6] if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief. *Bentley*, 201 Wis. 2d at 310–11; *Nelson*, 54 Wis. 2d at 497–98. *See supra*, ¶ 9. We discuss below what makes a postconviction motion legally sufficient, and examine the sufficiency of Allen's postconviction motion.

¶ 13. In this case, we address the sufficiency of a postconviction motion requesting an evidentiary hearing in the context of a motion alleging ineffective assistance of counsel, as that is the claim that is now before us; however, we stress that the standard we announce today applies to other postconviction motions in which an evidentiary hearing is requested. Requiring a movant to state sufficient material facts that, if true, would entitle the movant to relief is not a new standard; the principles we set forth below have been applied to postconviction motions for many years. We do note,

---

[6] If the facts in the motion are assumed to be true, yet seem to be questionable in their believability, the circuit court must hold a hearing. *State v. Leitner*, 2001 WI App 172, ¶ 34, 247 Wis. 2d 195, 633 N.W.2d 207 (stating that when credibility is an issue, it is best resolved by live testimony).

however, that in motions filed pursuant to *State v. Bangert,* 131 Wis. 2d 246, 274, 389 Wis. 2d 12 (1986), regarding plea withdrawal, the requisite standard is explained in *State v. Hampton,* 2004 WI 107, 274 Wis. 2d 379, 683 N.W.2d 14. Furthermore, the requirements we explain herein also may not apply in the same way to other types of motions where the movant has a right to a hearing. *See, e.g.,* Wis. Stat. § 973.20 (addressing restitution hearings).

¶ 14. A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief. *Bentley,* 201 Wis. 2d at 310; *State v. Washington,* 176 Wis. 2d 205, 215, 500 N.W.2d 331 (Ct. App. 1993). "The mere assertion of a claim of 'manifest injustice,' in this case the ineffective assistance of counsel, does not entitle a defendant to the granting of relief . . . ." *Washington,* 176 Wis. 2d at 214.

¶ 15. It has been said repeatedly that a postconviction motion for relief requires more than conclusory allegations. Despite the repetitive theme that such motions require the allegation of sufficient material facts that, if true, would entitle the defendant to relief, many defendants continue to file insufficient postconviction motions. *See, e.g., Bentley,* 201 Wis. 2d at 316–18; *Smith v. State,* 60 Wis. 2d 373, 379–82, 210 N.W.2d 678 (1973); *State v. Saunders,* 196 Wis. 2d 45, 48–52, 538 N.W.2d 546 (Ct. App. 1995); *State v. Toliver,* 187 Wis. 2d 346, 360–61, 523 N.W.2d 113 (Ct. App. 1994); *Washington,* 176 Wis. 2d at 214–16. However, the circuit court may order the defendant to submit more specific evidence regarding his motion. *See Saunders,* 196 Wis. 2d at 48.

¶ 16. In *Bentley,* the defendant pled guilty to one count of felony murder and one count of first-degree intentional homicide, each as party to a crime. The court sentenced Bentley to concurrent terms of 35 years in prison for the felony murder charge and to a mandatory life term for the first-degree homicide charge. Bentley's parole eligibility date was set for 45 years from the date of sentencing. *Bentley,* 201 Wis. 2d at 306–07. Bentley filed a postconviction motion to withdraw his guilty plea and requested a hearing because he claimed he had been deprived of effective assistance of counsel. Bentley's motion alleged that "his pleas were not voluntary or informed because his trial counsel erroneously advised him that his minimum parole eligibility date would be 11 years and 5 months." *Id.* at 307. The court denied his motion without a hearing and we affirmed. *Id.* at 319. We concluded that Bentley's allegation that he pled guilty due to misinformation by counsel was "merely conclusory." *Id.* at 318. Further, we concluded the circuit court did not erroneously exercise its discretion in denying a hearing after its examination of the record conclusively showed that Bentley was not entitled to relief. *Id.* at 319.

¶ 17. The defendant in *Smith* pled guilty to two counts of armed robbery. His postconviction motion alleged that his guilty plea and some admissions he made were coerced. His motion was denied without a hearing. *Smith,* 60 Wis. 2d at 375–77. We determined that Smith's "bare-bones" allegation regarding coercion was nothing more than a conclusory statement. Smith, however, claimed that the flesh of the motion was the statement of a co-defendant who said he thought the defendant was "under a great deal of pressure" at the time of the arrest. We concluded that a single statement

581

by a co-defendant did not constitute sufficient material facts to entitle Smith to relief. *Id.* at 380–81.

¶ 18. In *Saunders,* a postconviction hearing was held on Saunders' ineffective assistance of counsel claim; however, neither Saunders nor trial counsel was present. Appellate counsel appeared and requested Saunders' presence at the hearing. That request, along with the postconviction motion, was denied. *Saunders,* 196 Wis. 2d at 47–49. The circuit court held that Saunders had failed to provide anything more than conclusory allegations in his motion, and therefore, his presence at a hearing was not required. *Id.* at 48. Saunders' motion alleged these four instances of ineffective assistance of trial counsel:

> (1) [T]hat trial counsel failed to properly counsel the defendant regarding his testimony at trial; (2) that trial counsel failed to properly interview the defendant regarding his version of the facts of the case; (3) that trial counsel failed to call witnesses to testify at defendant's trial as requested by the defendant; and (4) that trial counsel failed to make sufficient objections to the introduction of evidence and testimony to preserve the objections.

*Id.* (internal quotations omitted). Saunders claimed his allegations, though general, were specific enough to raise a question of fact. The court of appeals disagreed, noting that Saunders' allegations were his subjective opinion and that he failed to elaborate on how counsel failed and how that failure prejudiced him. "In sum, there is no historical basis alleged—there is nothing from which the trial court could have gained a sense of what is really true." *Id.* at 52 (internal quotations omitted).

¶ 19. Toliver, who was convicted of first-degree sexual assault as a party to a crime, filed a postconvic-

tion motion alleging, among other things, that he was denied effective assistance of counsel. The circuit court denied his motion without a hearing. *Toliver,* 187 Wis. 2d at 352–54. Toliver advanced his ineffective assistance of counsel claim in his "Motion for Resentencing or Sentence Modification." That motion provided:

> 5) If trial counsel's failure to object to the breach [of the plea agreement] at the time of sentencing constitutes a waiver of the issue, Mr. Toliver requests resentencing on the grounds that he was denied the effective assistance of counsel.

*Id.* at 361. Toliver presented no material facts to support his postconviction motion, and the court of appeals concluded that Toliver was not entitled to a hearing. *Id.*

¶ 20. In *Washington,* the defendant pled guilty to several charges. He later filed a postconviction motion alleging ineffective assistance of counsel. *Washington,* 176 Wis. 2d at 207. In his motion, Washington requested an order allowing him to withdraw his plea due to ineffective assistance of counsel on the following grounds:

> [T]hat the attorney representing the defendant at the time of the plea, . . ., failed to keep him fully apprised of the events transpiring within his case, failed to completely review all of the necessary discovery material and other factual matters involved in the determination of the plea, failed to completely and fully investigate any and all matters which would be of importance in determining whether motions should be brought prior to the trial, whether the trial should proceed, and failing to completely investigate all matters which would be of importance in allowing the defendant to make a determination as to whether to proceed with a guilty plea, or continue to trial.

*Id.* at 212. The court of appeals concluded that this motion was "replete with conclusory allegations," and contained no material facts entitling Washington to relief. *Id.* at 215.

██

¶ 21. There is a clear theme running through these and other similar cases. As we said in *Bentley,* the motion must include facts that "allow the reviewing court to meaningfully assess [the defendant's] claim." *Bentley,* 201 Wis. 2d at 314. For example, an insufficient statement that does not allow the court to meaningfully assess a defendant's claim might be an assertion that trial counsel did not adequately prepare for trial. This assertion is the defendant's opinion only, and it does not allege a factual basis for the opinion. On the other hand, a defendant's assertion that trial counsel failed to adequately prepare for trial because counsel did not review all the police reports and one police report contained exculpatory information that counsel did not put into evidence, alleges a factual basis for the assertion. *See Saunders,* 196 Wis. 2d at 51–52.

██

¶ 22. In addition, facts that allow a reviewing court to meaningfully assess a defendant's claim are those facts that are *material* to the issue presented to the court. A "material fact" is: "[a] fact that is significant or essential to the issue or matter at hand." *Black's Law Dictionary* 611 (7th ed. 1999). In this case, they would be facts material to a claim of ineffective assistance of counsel. If a defendant's sole contention is that trial counsel failed to object to the admission of certain evidence and that failure was deficient and prejudicial, the fact that one of the witnesses on the witness list was not called during trial is not material to the defendant's allegation, if that witness would not have testified as to

why the admitted evidence against the defendant was not credible. However, that same fact, of a witness who was not called, would be material if the defendant's contention is that at trial the witness was crucial to the defense because that witness would have provided testimony supporting the defendant's version of his or her whereabouts on the night of the crime.

¶ 23. As an assistance to defendants and their counsel, we propose that postconviction motions sufficient to meet the *Bentley* standard[7] allege the five "w's" and one "h"; that is, who, what, where, when, why, and how. A motion that alleges, within the four corners of the document itself, the kind of material factual objectivity we describe above will necessarily include sufficient material facts for reviewing courts to meaningfully assess a defendant's claim.

¶ 24. Perhaps a hypothetical example will help to explain: A postconviction motion that alleges counsel was ineffective because he failed to call as a witness the defendant's neighbor who, the defendant alleges, could provide exculpatory testimony because the neighbor saw the defendant and her boyfriend at a restaurant on the night of the crime still fails to meet the *Bentley* standard because it fails to include sufficient *material* facts. The defendant simply concludes that the failure to call this witness was deficient performance that was prejudicial, because she was found guilty. However, she does not explain any more than that. Her neighbor may have seen her with her boyfriend at a restaurant on the night of the crime, but she has failed to explain how and

---

[7] That is, the motion must raise sufficient facts, which, if true, would entitle the defendant to relief. *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996).

why this matters. On the other hand, the defendant has satisfied the *Bentley* standard if her postconviction motion alleges as follows:

> The defendant alleges she was deprived effective assistance of counsel because her trial counsel failed to call as a witness, Bill Johnson, whose testimony would support the defendant's testimony that she was dining and going to the movies with her boyfriend at 10:00 p.m. on the night of June 1, 2002, when Sally's Hair Salon was burglarized.

> The defendant told trial counsel that her neighbor, Bill Johnson, entered a restaurant around 7:00 p.m. while the defendant and her boyfriend were dining, and that on the way to be seated, Mr. Johnson stopped at defendant's table and talked with the couple. The defendant told trial counsel that following dinner she and her boyfriend saw Mr. Johnson at the movie theater while they waited in line to buy tickets for a 9:15 p.m. movie. The defendant informed her trial counsel that three movies were scheduled to start between 9:00 p.m. and 9:15 p.m., the time during which the defendant and her boyfriend were in the theater lobby and saw Mr. Johnson. The defendant further alleges that she gave trial counsel her receipt from the restaurant.

> This failure to call Mr. Johnson as a witness was deficient and prejudicial to the defendant as there is a reasonable probability that she would not have been convicted of stealing hair products from Sally's Hair Salon had Mr. Johnson testified.

This motion contains sufficient material facts—*i.e.,* the name of the witness (who), the reason the witness is important (why, how), and facts that can be proven (what, where, when)—that clearly satisfy the *Bentley* standard, and would entitle a defendant to a hearing.

¶ 25. With the foregoing standard in mind, we turn now to Allen's postconviction motion.

## C. Allen's Postconviction Motion

### 1. Ineffective assistance, standards

¶ 26. Allen's postconviction motion is centered on his claim of ineffective assistance of counsel.[8] We follow a two-part test for ineffective assistance of counsel claims. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *State v. Johnson,* 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). A defendant must prove both that his or her attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland,* 466 U.S. at 687, *Johnson,* 153 Wis. 2d at 127. We have determined that an attorney's performance is deficient if the attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Johnson,* 153 Wis. 2d at 127 (quoting *Strickland,* 466 U.S. at 687). The defendant must also show the performance was prejudicial, which is defined as "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Guerard,* 2004 WI 85, ¶ 43, 273 Wis. 2d 250, 682 N.W.2d 12 (citing *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotations omitted). A movant must prevail on both parts of the test to be afforded relief. *Johnson,* 153 Wis. 2d at 127.

---

[8] Allen has not pursued on appeal his request for postconviction discovery; therefore, we do not address that issue. *Reiman Assocs., Inc. v. R/A Adver., Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981).

## 2. Allegations in Allen's postconviction motion

¶ 27. Allen's postconviction motion claiming ineffective assistance of counsel alleged his trial counsel was ineffective for failing to be prepared to examine Bobby B.; failing to call Lynn Allen as a witness;[9] and failing to submit a motion requesting the in camera inspection of potentially exculpatory evidence. The court of appeals categorized these areas generally as allegations that counsel did not adequately investigate or prepare for trial, a claim that Allen furthers in his briefs to this court. However, we will review only the allegations contained in the four corners of Allen's postconviction motion, and not any additional allegations that are contained in Allen's brief. Allen's motion contains the following:

> [T]here were no pretrial motions brought forward by the defense prior to trial. Also, . . . information was provided to counsel by Mr. Allen with respect to witnesses, and Mr. Allen claims that there was no trial preparation and only one visit with him prior to trial.
>
> The defense put forward on behalf of Mr. Allen consisted of the cross-examination of those who accused him and the calling of two witnesses, a Bobby [B.], the father of two of the victims, and the defendant, himself.
>
> The testimony of Mr. [B.] (Exhibit B, transcript of May 1, 2001) was contentious and defense counsel was left with his answers when there was a denial that Mr. [B.] had written a letter to the Sensitive Crime Unit of Milwaukee County as to how his daughters were being

---

[9] Allen has not pursued on appeal his claim that counsel was deficient for failing to call Lynn Allen as a witness; therefore, we deem that issue waived and do not address it. *Reiman,* 102 Wis. 2d at 306 n.1.

treated in their then household. Counsel had not thought to discover whether the letter existed and certainly did not obtain a copy of it.

The testimony of the defendant was nothing more than denials of the allegations, with vague assumptions as to why the victims would be lying.

No credible evidence was put forward with respect to any motive for the victims to fabricate the allegations.

The theory of the defense, therefore, was a mere denial of the allegations with innuendo and speculation as to why there might be a motive to fabricate, unsubstantiated by any evidence, whatsoever.

Further, Mr. Allen claims that there was no effort, in any way, to seek to substantiate said evidence and present it to the jury.

### a. Failure to prepare to examine Bobby B.

¶ 28. Allen's first allegation is that his trial counsel failed to prepare to examine the first defense witness, Bobby B. The motion summarizes the exchange between Bobby B. and defense counsel regarding the letter Allen alleges Bobby B. sent to Milwaukee County's Sensitive Crimes Unit. The motion asserts that because trial counsel had failed to produce the letter, he was left with Bobby B.'s testimony, in which Bobby B. denied writing such a letter. "The fumbling of the Bobby [B.] examination would logically have a great impact on the jury as [it] prepared to evaluate the defense to the allegations. . . . Counsel was left looking foolish with respect to his first witness . . . ."

¶ 29. Though replete with information, the motion contains conclusory allegations and lacks sufficient material facts that *Bentley* requires. Allen's allegations that trial counsel did not do any trial preparation and "had not thought to discover whether the letter existed" are conclusions he does not support with material facts. Allen's focus on the letter seems to derive from his conclusion that Bobby B. and his former wife, Lynn Allen, are engaged in a placement dispute over Shalisia, and that Bobby B., in an effort to ensure Shalisia's placement with him, wrote a letter to Milwaukee County's Sensitive Crimes Unit alleging that Allen sexually assaulted Shalisia and Tekiara. However, Allen has not alleged sufficient material facts to support his conclusion that such a letter actually exists. He must provide some reason, some fact, that supports the existence of the letter, otherwise his assertion is conclusory. For example, he does not allege that Shalisia or Tekiara or his wife or some other person saw the letter or simply told him that Bobby B. wrote a letter reporting the alleged sexual assaults. We conclude that Allen's postconviction motion on the alleged failure of counsel to adequately prepare to examine Bobby B. does not allege sufficient material facts that, if proven, would entitle him to relief.

b. Failure to call other witnesses

¶ 30. Allen's motion also contains a vague reference about trial counsel's failure to contact or call other witnesses. This allegation is wholly unsupported. Allen makes no attempt to explain who the witnesses are, what the witnesses would say, how they know it, or why it is relevant to his defense. Further, the record conclusively shows that Allen is not entitled to the relief he

requests. *See Nelson,* 54 Wis. 2d at 496 (stating, "[W]here the record sufficiently refutes the allegations raised by the defendant in the motion, no hearing is required"). Allen complained during a transfer hearing before Judge John DiMotto, the original circuit court judge, and then later at the start of trial before Judge Donald, that his lawyer was not allowing him to call certain witnesses on his behalf, nor investigating his claims of exculpatory evidence. At both court appearances, trial counsel informed the court that the witnesses Allen wanted to call did not have any relevant information, and that all leads had been investigated and did not amount to anything.

c. Failure to file a "*Shiffra* motion"

¶ 31. *State v. Shiffra,* 175 Wis. 2d 600, 605, 499 N.W.2d 719 (Ct. App. 1993), and its progeny, *see, e.g., State v. Green,* 2002 WI 68, ¶ 34, 253 Wis. 2d 356, 646 N.W.2d 298, and *State v. Navarro,* 2001 WI App 225, ¶ 7, 248 Wis. 2d 396, 636 N.W.2d 481, allow a defendant to request an in camera review of privileged or confidential records upon a preliminary good-faith showing of "a specific factual basis demonstrating a reasonable likelihood that the records contain relevant information necessary to a determination of guilt or innocence and [are] not merely cumulative to other evidence available to the defendant." *Green,* 253 Wis. 2d 356, ¶ 34. *Shiffra* and *Green* deal with privileged or confidential records. In both the *Shiffra* and *Green* cases, the defendants were charged with sexual crimes, and in both cases, both defendants sought an in camera review of the alleged victim's counseling records. *Green,* 253 Wis. 2d 356, ¶ 9; *Shiffra,* 175 Wis. 2d at 603. In *Navarro,* the defendant requested confidential depart-

ment of corrections records relating to the alleged victim, a correctional officer. *Navarro,* 248 Wis. 2d 396, ¶¶ 3–4. Allen does not request review of the victims' privileged or confidential records. Therefore, his motion is not a "*Shiffra* motion."

¶ 32. Instead, Allen's motion contends that his counsel was ineffective for failing to file a pretrial motion for an in camera review of other court documents containing what he alleges to be potentially exculpatory evidence. Allen asserted that it became apparent that defense counsel was going to attempt to introduce evidence of Bobby B.'s conviction for sexual assault, and evidence of the placement dispute between Bobby B. and Lynn Allen. Prior to the start of trial, the circuit court ruled that defense counsel could not reference Bobby B.'s sexual assault conviction or the placement dispute in his opening statement. As a result, defense counsel waived his opening statement. Allen claims that because trial counsel did not make a pre-trial motion for review of "any related court proceedings, prosecutions, affidavits, or any form of evidence, whatsoever," the defense was unable to rebut the State's argument that the only defense Allen had was speculation. Allen submits that this failure to establish whether any evidence actually existed left the circuit court and Allen "adrift" and denied him a fair trial.

¶ 33. As with his first alleged failure of trial counsel, Allen provides many facts, but no material facts. Allen does not list what records actually exist or whether they are privileged, and he asserts no facts explaining why any such records may be relevant. He simply sets forth a general list of documents that he asserts potentially could contain information that he guesses is out there. Further, Allen provides only his

592

opinion that the records he seeks contain relevant or exculpatory information; this is not a fact. There is no factual basis to believe that Bobby B. encouraged his daughters to concoct sexual assault charges against Allen in order to aid his placement dispute with their mother. Furthermore, it is just as likely that any records on the placement dispute bear out Shalisia's testimony: that she wanted to live with her father primarily because of the assaults she experienced at the hands of her stepfather. Further, any conviction Bobby B. may have for sexual assault of a child was held not to be admissible and therefore, would have been of no use to Allen's defense.

¶ 34. We conclude that Allen again has failed to raise sufficient material facts that would entitle him to the relief he seeks; therefore, the circuit court did not erroneously exercise its discretion in denying his motion without a hearing.

3. New trial in the interest of justice

¶ 35. Finally, Allen argued that he was entitled to a new trial in the interest of justice because the real controversy was not tried and there was a miscarriage of justice. Because we conclude that none of Allen's other claims has merit, we decline to order a new trial. *See Mentek v. State,* 71 Wis. 2d 799, 809, 238 N.W.2d 752 (1976) (indicating that the court would not order a new trial because it found defendant's earlier arguments without substance and "[a]dding them together [to claim that justice was not served] adds nothing. Zero plus zero equals zero").

## III. CONCLUSION

¶ 36. We conclude that in order to secure a hearing on a postconviction motion, Allen must have provided sufficient material facts—*e.g.,* who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks. Because Allen failed to do so, and because the record also conclusively demonstrates that he is not entitled to relief, we conclude the circuit court did not erroneously exercise its discretion when it denied Allen's motion without a hearing.

*By the Court.*—The decision of the court of appeals is affirmed.

All work on this opinion was completed on or before June 30, 2004. Justice Diane S. Sykes resigned on July 4, 2004.