PER CURIAM.
¶1 Tommie Evans appeals a judgment of conviction and an order denying his postconviction motion. The issue is whether he should have received an evidentiary hearing on his postconviction motion. We affirm.
¶2 Evans pled guilty to one count of attempted first-degree intentional homicide and two other felonies. In his postconviction motion, he sought to withdraw the pleas. The circuit court denied the motion without an evidentiary hearing.
¶3 Evans first argues that he was entitled to an evidentiary hearing because the plea colloquy was defective. He argues that it was defective because the circuit court did not ask Evans to confirm that he understood the elements of the attempted homicide offense, such as by reciting the elements and asking Evans to confirm them. Whether the plea colloquy was defective is a question of law that we review de novo. State v. Brown , 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.
¶4 We conclude that the colloquy was not defective. Although the court did not use the term "elements," the court read the charge from the information. That reading included a statement informing Evans that he was charged with attempting to cause the death of three specifically named persons, with intent to kill. The court then asked Evans: "Do you understand that that's the charge in Count 1 now?" Evans replied: "Yes, Your Honor." With this exchange, the court sufficiently informed Evans of the charge and confirmed that Evans understood it.
¶5 Evans also argues that he alleged sufficient facts to obtain an evidentiary hearing. Because the court denied Evans' postconviction motion without an evidentiary hearing, on appeal we consider whether he was entitled to such a hearing because his motion alleged facts that, if true, would entitle him to relief, which is a question of law that we review without deference to the circuit court. See State v. Bentley , 201 Wis. 2d 303, 308-11, 548 N.W.2d 50 (1996).
¶6 In his postconviction motion, Evans asserted that he would testify at a postconviction hearing that, in spite of the above colloquy, "he [pled] guilty to Count One because [his trial counsel] [led] him to believe that he was guilty of attempted murder even if he believed he was shooting at the devil for protection rather than shooting at another human being." Evans alleged that he would not have pled guilty to this charge if he had understood that a jury would have to find that he intended to kill a person, rather than to shoot at the devil.
¶7 We conclude that these allegations do not entitle Evans to an evidentiary hearing. If Evans' claimed belief that he was shooting at the devil was caused by a mental disease or defect, his postconviction legal theory fails. It fails because he would not be permitted to claim at trial that a mental disease or defect caused him to lack the required mental intent unless he were to actually plead the defense of mental disease or defect. See WIS. STAT. §§ 971.16(2) and 971.165(1).[1] In other words, his assertion that he would not have pled guilty is based on a legally incorrect assumption.
¶8 On the other hand, if Evans' claimed belief that he was shooting at the devil came from a source other than mental disease or defect, we conclude that Evans did not sufficiently plead details that would allow a meaningful assessment of his claim. He did not plead any description of why he believed the victims were devils. "Why" is one of the required components of a postconviction motion. See State v. Allen , 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433.
¶9 For example, Evans could have pled that there was some kind of optical effect that gave the victims that appearance, or that he believes he has some other ability, not arising from a mental disease or defect, to perceive the presence of the devil. Without any such allegation, we conclude that he was not entitled to an evidentiary hearing.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.