COURT OF APPEALS
DECISION
DATED AND FILED

**January 8, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**  **2018AP1467-CR**
**2018AP1468-CR**

Cir. Ct. Nos.  **2013CF739**
**2013CF828**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ADAM N. YOUNG,

   DEFENDANT-APPELLANT.

APPEALS from judgments and orders of the circuit court for Racine County:  MICHAEL J. PIONTEK, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. In these consolidated appeals, Adam Young appeals from judgments[1] convicting him of possessing cocaine with intent to deliver and two counts of delivering cocaine. Young also appeals from orders denying his postconviction motion to withdraw his no contest plea and seeking resentencing. We affirm.

¶2     The circuit court denied Young's postconviction motion without an evidentiary hearing. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. "We review a circuit court's discretionary decisions under the deferential erroneous exercise of discretion standard." *Id.*

Plea withdrawal

¶3     Postconviction, Young moved the circuit court to withdraw his no contest pleas as involuntarily entered because he believed that he would not receive a fair trial due to circuit court bias against him. As evidence of bias and the likelihood of an unfair trial Young argued that the court unfairly imposed a higher cash bond shortly before the scheduled trial date (which caused him to remain in custody), made various remarks in the case attributing the trial delay to Young's conduct, and received a letter Young wrote to his counsel complaining

---

[1] The record also contains an amended judgment of conviction dated October 18, 2016, in which the circuit court adjusted Young's term of extended supervision. No appellate issues are raised in relation to this amended judgment.

about the court's bias. The circuit court denied Young's postconviction motion without a hearing. Young appeals.

¶4 The record reveals the following. The criminal complaints were filed in May and June 2013. Young posted a $10,000 bond and was released. In April 2016, the circuit court held a hearing on a motion to withdraw filed by Young's counsel. After denying counsel's motion to withdraw, the circuit court turned to the topic of Young's bond. The court made the following findings: (1) Young filed *pro se* motions while represented by counsel (a motion to dismiss filed three days before the first trial date, a frivolous motion to change venue thirty days before the second trial date, and a motion to substitute counsel thirty days before the third trial date); (2) Young had four lawyers and on at least three occasions, his desire to discharge counsel necessitated adjourning the scheduled trial; (3) Young had prior experience in the criminal justice system; and (4) Young's conduct was intended to hinder the start of his trial by manipulating the proceedings for purposes of delay. Because Young had done everything he could to hinder the start of his trial, including filing baseless and other motions, the court lost confidence that Young would appear for trial. The court rejected counsel's claim that Young would appear for trial and reiterated that Young's conduct hindered the operation of the court and suggested that he did not intend to ever have a trial. The court increased Young's bond.

¶5 One month later, on the scheduled May 2016 trial date, Young entered his no contest pleas. During the plea colloquy, Young acknowledged that the court's colloquy with him was designed to determine if his pleas were being entered knowingly, intelligently and voluntarily and that the court took no position on whether Young should plead no contest.

¶6      In denying Young's postconviction motion to withdraw his no contest pleas without a hearing, the circuit court cited the foregoing aspects of the record.  The court reiterated that its bond decision was premised upon its finding that Young "actively and intentionally manipulate[ed] court proceedings" in order to avoid going to trial.

¶7      A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice.  *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482.  A manifest injustice occurs when a plea was not knowingly, voluntarily, and intelligently entered.  *Id.*

¶8      On appeal, Young argues that the bond increase led him to involuntarily enter no contest pleas.  We conclude that the circuit court's findings of fact regarding the history of the case are not clearly erroneous.  *See* WIS. STAT. § 805.17(2) (2017-18).  The court drew a reasonable inference of delaying tactics from Young's conduct.   Young does not challenge the plea colloquy as inadequate.  We see no connection between the bond increase and Young's no contest pleas that would warrant a plea withdrawal hearing.

¶9      Young next contends that he pled involuntarily because he had concerns about circuit court bias and whether he would receive a fair trial.  In support, Young cites:  (1) the circuit court's declaration at the April 2016 hearing that the next trial date, or "D-Day, so to speak," would not be adjourned under any circumstances; and (2) the court learned of his bias claim when counsel attached Young's letter complaining about the same to counsel's motion to withdraw.

¶10 As the circuit court noted postconviction, Young's contentions relating to the circuit court's decision to increase bond were not supported in the record. Furthermore, the circuit court explained that its reference to "D-Day" was intended to convey that the resolution of the case would be upon Young at the next trial date. The record demonstrates that Young was not entitled to a plea withdrawal hearing on these grounds.

¶11 Young's concern that he would not receive a fair trial as a result of his letter complaining about circuit court bias also did not require a hearing. "[T]he mere fact that a party files a complaint against a judge is not sufficient to establish judicial bias." *State v. McBride*, 187 Wis. 2d 409, 418, 523 N.W.2d 106 (Ct. App. 1994). While a judge is presumed to be free of bias and prejudice, *State v. Jensen*, 2011 WI App 3, ¶95, 331 Wis. 2d 440, 794 N.W.2d 482, a defendant can show objective bias if there is "an appearance of bias," i.e., "a reasonable person could question the court's impartiality based on the court's statements" or if "there are objective facts demonstrating … the trial judge in fact treated [the defendant] unfairly." *State v. Goodson*, 2009 WI App 107, ¶9, 320 Wis. 2d 166, 771 N.W.2d 385 (citation omitted). However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings … do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *OLR v. Nora*, 2018 WI 23, ¶35, 380 Wis. 2d 311, 909 N.W.2d 155 (citation omitted).

¶12 We conclude that there are no objective facts showing unfair treatment and no reasonable person could question the court's impartiality based on the facts offered in Young's postconviction motion. *See Goodson*, 320 Wis. 2d 166, ¶9.

¶13    Young's plea withdrawal motion did not warrant an evidentiary hearing.    The circuit court properly exercised its discretion when it denied the motion without a hearing.  *See Allen*, 274 Wis. 2d 568, ¶9.

Sentencing

¶14    Postconviction, Young argued that at sentencing, the circuit court relied upon inaccurate information and was not impartial.[2]   The circuit court denied Young's request for resentencing.

¶15    A defendant has a due process right to be sentenced based upon accurate information.  *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.   To obtain resentencing, a defendant must establish by clear and convincing evidence that the information was inaccurate and the court actually relied upon it.   *Id.*, ¶28.   Whether the circuit court relied upon inaccurate information at sentencing presents a question of law we decide independently of the circuit court.  *See id.*, ¶9.

¶16    We conclude that the circuit court did not rely upon inaccurate information at sentencing.  We have already upheld the circuit court's findings that Young's conduct produced delay in the case.  The circuit court properly considered those findings when it imposed sentence.  *See State v. Suriano*, 2017 WI 42, ¶32, 374 Wis. 2d 683, 893 N.W.2d 543, *cert. denied*, 138 S. Ct. 638 (2018) (a circuit court may rely upon a finding that a defendant engaged in purposeful dilatory action).   Young's delaying tactics also properly informed the circuit

---

[2]  Young received a ten-year sentence for possession of cocaine with intent to deliver and a consecutive five-year term of probation (with an imposed and stayed sentence) for two counts of delivering cocaine.

court's assessment at sentencing of his character. *See* ***State v. Ziegler***, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76.

¶17 We turn to Young's claim of circuit court bias at sentencing. Nothing about the sentencing suggests that the circuit court was biased. Young argues that the circuit court revealed its objective bias when it remarked at sentencing that he manipulated the proceedings for purposes of delay. However, as previously stated, the record supports the circuit court's decision to increase Young's bond based on the circuit court's assessment of the delays in the case. Young's postconviction motion offers no objective facts showing unfair treatment, and no reasonable person could question the court's impartiality based on the facts offered in Young's postconviction motion. *See* ***Goodson***, 320 Wis. 2d 166, ¶9.

¶18 The circuit court did not err in declining to resentence Young.

Conclusion

¶19 We conclude that the circuit court did not misuse its discretion when it denied Young's postconviction motion without a hearing because the motion did not demonstrate a basis for relief. *See* ***Allen***, 274 Wis. 2d 568, ¶9.

*By the Court.*—Judgments and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

7