

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT I

November 5, 2024

*To*:

Hon. Jeffrey A. Wagner
Circuit Court Judge
Electronic Notice

Anna Hodges
Clerk of Circuit Court
Milwaukee County Safety Building
Electronic Notice

John Blimling
Electronic Notice

Dominique P. Wilder 528847
Stanley Correctional Inst.
100 Corrections Dr.
Stanley, WI 54768

You are hereby notified that the Court has entered the following opinion and order:

2023AP1413          State of Wisconsin v. Dominique P. Wilder (L.C. # 2013CF4864)

Before Donald, P.J., Geenen and Colón, JJ.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Dominique P. Wilder, *pro se*, appeals an order denying his second motion brought pursuant to WIS. STAT. § 974.06 (2021-22).[1]  Based upon our review of the briefs and record, we conclude at conference that this case is appropriate for summary disposition.  *See* WIS. STAT. RULE 809.21.  We affirm.

Wilder was convicted, after a jury trial, of first-degree reckless homicide by use of a dangerous weapon as a party to a crime.  With the assistance of counsel, he had a direct appeal,

---

[1]  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

and this court affirmed his conviction. *State v. Wilder* (*Wilder I*), No. 2017AP38-CR, unpublished slip op. (WI App Feb. 27, 2018). He then collaterally attacked his convictions through a *pro se* postconviction motion filed pursuant to WIS. STAT. § 974.06. Wilder subsequently retained an attorney who filed a reply brief in support of Wilder's *pro se* motion. The circuit court denied the motion, and again this court affirmed. *State v. Wilder* (*Wilder II*), No. 2020AP2043, unpublished op. and order (WI App Apr. 5, 2022).

Wilder, *pro se*, then filed the motion underlying this appeal, which was his second postconviction motion pursuant to WIS. STAT. § 974.06. In denying the motion without a hearing, the circuit court deemed it procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Wilder sought reconsideration, and that motion was denied as well. This appeal follows.

"[A]ny claim that could have been raised on direct appeal or in a previous WIS. STAT. § 974.06 … postconviction motion is barred from being raised in a subsequent § 974.06 postconviction motion, absent a sufficient reason." *State v. Lo*, 2003 WI 107, ¶2, 264 Wis. 2d 1, 665 N.W.2d 756 (footnote omitted); *Escalona-Naranjo*, 185 Wis. 2d at 185. In the § 974.06 motion underlying this appeal, the reason Wilder offered for not bringing his claims earlier was that the attorney he privately retained during the first § 974.06 proceedings was ineffective. Wilder's attempt to establish a sufficient reason falls short.

First, Wilder filed his first WIS. STAT. § 974.06 motion *pro se*. His failure to raise his present claims in that motion therefore cannot be excused by ineffective assistance of counsel. Moreover, Wilder had no constitutional right to counsel for filing his first § 974.06 motion. *State v. Evans*, 2004 WI 84, ¶32, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other*

*grounds by* **State ex rel. Coleman v. McCaughtry**, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. Even though Wilder was represented by counsel at the reply brief stage of that proceeding, he still had no right to counsel. Consequently, counsel's performance with respect to that filing is irrelevant. **Evans**, 273 Wis. 2d 192, ¶32; *see* **Coleman v. Thompson**, 501 U.S. 722, 752 (1991) (stating that a constitutional right to effective assistance of counsel exists only when the right to counsel is constitutionally guaranteed).

Given that Wilder's privately retained attorney's alleged ineffectiveness cannot constitute a sufficient reason for his failure to bring his present claims earlier, the circuit court properly concluded that Wilder's motion was procedurally barred.[2]

Therefore,

IT IS ORDERED that the order is summarily affirmed. *See* WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*

---

[2] To the extent Wilder tries to reframe his position in his reply brief, we are not persuaded by his efforts. Our review is of the motion he filed in the circuit court. *See* **State v. Allen**, 2004 WI 106, ¶¶9, 27, 274 Wis. 2d 568, 682 N.W.2d 433 (explaining that in conducting our review, we examine only the four corners of the postconviction motion). In his motion, the reason Wilder offered for not raising his claims earlier was the ineffective assistance he received from the privately retained attorney during the first WIS. STAT. § 974.06 proceedings.