## COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2018AP1391-CR**
**2018AP1392-CR**
**2018AP1393-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2015CF3126
2015CF4523
2016CF0495

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DEANDRE E. TANNER,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed.*

Before Brash, P.J., Kessler and Brennan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Deandre E. Tanner appeals judgments convicting him of one count of battery, one count of disorderly conduct and three counts of felony witness intimidation, all charges as a domestic abuse repeater.  He also appeals an order denying his postconviction motion.  Tanner argues:  (1) he received ineffective assistance of trial counsel because his counsel failed to ask the circuit court to give the jury an instruction defining the concept of attempt; (2) he received ineffective assistance of trial counsel because his counsel did not object to the prosecutor's closing argument; and (3) the circuit court erroneously exercised its sentencing discretion when it imposed thirteen years of initial confinement and ten years of extended supervision for his crimes.  We affirm.

¶2     Tanner raises two claims of ineffective assistance of trial counsel.  To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant.  *See **State v. Dillard***, 2014 WI 123, ¶85, 358 Wis. 2d 543, 859 N.W.2d 44.  A defendant is prejudiced when there is "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  ***State v. Guerard***, 2004 WI 85, ¶43, 273 Wis. 2d 250, 682 N.W.2d 12.

¶3     First, Tanner argues that he received ineffective assistance of counsel because his attorney failed to ask the circuit court to give the jury an instruction defining the concept of attempt as it relates to the witness intimidation charges.  As noted by the State, Tanner's entire argument in the postconviction motion was as follows:  "[T]he jury was left to speculate as to the legal definition of attempt.  Had the jury been properly instructed as to attempt, it is likely that Tanner would have been acquitted of that offense."

¶4 This argument is conclusory. *See* **State v. Allen**, 2004 WI 106, ¶15, 274 Wis. 2d 568, 682 N.W.2d 433 (a postconviction motion requires more than conclusory allegations). Tanner did no more than state an argument without any elaboration. He did not develop the argument or explain *why* the jury should have acquitted him. In his appellant's brief, Tanner belatedly attempts to remedy the conclusory nature of his argument by suggesting that a jury instruction on the meaning of attempt would have provided the jury with a more narrow definition of the word, and thus cause the jury to acquit him. Again, however, Tanner does not connect the dots. He does not explain *why* the jury would have acquitted him with one definition of attempt but not the other. Moreover, we agree with the circuit court that "[t]he word 'attempt' was clear on its face in this regard, and its application to the facts elicited at trial was not a difficult task." We reject Tanner's argument that his trial counsel should have requested a jury instruction regarding the meaning of attempt.

¶5 Second, Tanner argues that he received ineffective assistance of counsel because his attorney did not object to the prosecutor's closing argument, which Tanner characterizes as a "golden rule" argument. "[A] golden rule argument asks the jurors to place themselves in the victim's shoes." **State v. DeLain**, 2004 WI App 79, ¶23, 272 Wis. 2d 356, 679 N.W.2d 562. This type of argument is improper because it appeals to the jurors to convict based on sympathy for a crime victim, rather than the evidence. *See **id.***

¶6 Tanner takes issue with the following portion of the prosecutor's closing argument:

> Every single one of you, every single one of you on this jury knows or has heard of somebody who's been in an abusive relationship with someone they care about,

3

someone they love, someone who says they love the person they're abusing. Every one of you knows that.

Every one of you has either experienced it, has had a friend who experienced it, a family member who experienced it. Every one of you. Every one of you on this jury agreed that abuse doesn't have to be a hit. It doesn't have to be a punch. It doesn't have to be a kick. It doesn't have to be those things. When he grabs her arm and twists it behind her back and then grabs her neck forcefully and says, bitch, you're going to do this or you can leave, that's a battery. When he puts his hands on her in anger to get her to do what he wants or she can leave, that's a battery.

And we don't tolerate that, do we? Do we accept that? Do we say it's okay because that's what he wants? Do you say that that's okay? It's not okay. Hope to God it's not okay, that that's not acceptable behavior for everyone to do every day of the week. It's not. It's wrong. Tell him it's wrong, that's what we're asking for.

¶7 We reject Tanner's characterization of this as a golden rule argument. The prosecutor did not ask the jury to disregard the evidence and place themselves in the victim's shoes. The prosecutor asked the jurors to consider their everyday experience, pointed out that domestic violence is a widespread problem that society does not tolerate, and urged the jury to find Tanner guilty based on Tanner's actions. Because there was nothing impermissible about the prosecutor's argument, trial counsel did not perform deficiently when he failed to object.

¶8 Tanner next argues that the circuit court erroneously exercised its sentencing discretion when it imposed thirteen years of initial incarceration and ten years of extended supervision for his crimes. Tanner did not raise this issue before the circuit court. "The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal." *See* ***State v. Caban***, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). Therefore, we will not consider this argument.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.