**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 15, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2018AP2096-CR**

Cir. Ct. No.  **2013CF1026**

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

DEANDRE L. JACKSON,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County:  MARK F. NIELSEN, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Deandre Jackson appeals from a judgment convicting him of possessing heroin with intent to deliver as a second and subsequent offense and from an order denying his postconviction motion claiming ineffective assistance of trial counsel in connection with arguments made in a motion to suppress. We affirm.

¶2 Jackson moved to suppress evidence seized during a traffic stop on the grounds that the law enforcement officers impermissibly extended the traffic stop. After an evidentiary hearing on the motion to suppress, the circuit court made findings of fact based on the record. After stopping Jackson's vehicle because Jackson was not wearing a seat belt, the law enforcement officers observed, in plain view, loose tobacco on Jackson's clothes (often the residue from preparing a marijuana blunt, i.e., the process of replacing cigar tobacco with marijuana) and a knotted baggie corner, an item associated with packaging for drug sales. The officer was aware that Jackson had been a person of interest in a previous narcotics-related investigation. Based upon these observations, the investigation moved from a traffic stop into a drug investigation. The record indicates that after obtaining Jackson's consent to search his person, the law enforcement officer eventually reached Jackson's feet and asked him to remove his shoes. Jackson did so, and when the officer patted down Jackson's left foot, the officer felt an unusual bulge inside his sock. Although Jackson then began stepping away from the officer, the officer detained him and recovered six small, knotted baggies of heroin inside his sock. The circuit court denied the suppression motion because Jackson consented to the search and during the search, evidence of a drug offense developed.

¶3 After sentencing on his guilty plea, Jackson sought postconviction relief due to ineffective assistance of trial counsel because counsel failed to raise

additional Fourth Amendment arguments in the suppression motion: the search of Jackson's shoes and socks exceeded the scope of Jackson's consent, and, even if Jackson consented to the search, he withdrew that consent when he started moving away from the officer after the officer felt something in Jackson's sock. The circuit court denied the postconviction motion without a hearing. Citing the record created on the suppression motion litigated by trial counsel, the circuit court concluded that the record did not support Jackson's additional Fourth Amendment challenges. In particular, the circuit court concluded that the plain touch doctrine applied to the bulge in Jackson's sock detected by the law enforcement officer. Therefore, Jackson's additional arguments in favor of his motion to suppress would not have been successful. In the absence of prejudice, trial counsel was not ineffective. Jackson appeals.

¶4     A circuit court has the discretion to deny a postconviction motion without a hearing if the motion is legally insufficient. *State v. Allen*, 2004 WI 106, ¶12, 274 Wis. 2d 568, 682 N.W.2d 433.

> The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief.

*Id.* (footnote omitted). To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. We need not consider whether trial counsel's performance was deficient if we can resolve the ineffectiveness issue on the ground of lack of prejudice. *State v. Sanchez*, 201 Wis. 2d 219, 236, 548 N.W.2d 69 (1996).

3

¶5     On appeal, Jackson challenges the traffic stop on three grounds:  (1) the law enforcement officers impermissibly extended the traffic stop; (2) the law enforcement officers exceeded the scope of Jackson's consent when they searched inside his shoes and socks; and (3) assuming Jackson consented to the search, he withdrew that consent when he stepped away from the officer after the officer noticed an "unusual bulging" inside his sock but before the law enforcement officer actually found the heroin inside his sock.

¶6     We first address the circuit court's determination that the traffic stop was not impermissibly extended because the evidence observed by the law enforcement officers during the stop provided reasonable suspicion to extend the stop to investigate a possible drug offense.  We will uphold the circuit court's findings of historical fact unless they are clearly erroneous.  *State v. Floyd*, 2017 WI 78, ¶11, 377 Wis. 2d 394, 898 N.W.2d 560.  Application of the facts to constitutional principles presents a question of law we review independently.  *Id.*, ¶¶11-12.

¶7     A traffic stop may be made on reasonable suspicion that a driver violated a traffic law.  *Id.*, ¶20.  The parties do not dispute that the officers had reasonable suspicion to believe that Jackson committed the offense of driving without a seat belt.  The initial traffic stop was lawful.  Once a lawful stop has been made, the stop may be extended if "the officer becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses separate and distinct from the acts that prompted the officer's intervention in the first place."  *State v. Betow*, 226 Wis. 2d 90, 94, 593 N.W.2d 499 (Ct. App. 1999).

¶8      The reasonable suspicion test uses a common sense approach and considers the totality of the facts and circumstances to determine "whether the facts of the case would warrant a reasonable police officer, in light of his or her training and experience, to suspect that the individual has committed, was committing, or is about to commit a crime." *State v. Post*, 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634.  An "officer 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant'" extending the stop.  *Id.*, ¶10 (citation omitted).  The evidence developed during the traffic stop—the loose tobacco and the knotted baggie in plain view[1]—along with the officer's knowledge that Jackson had been a person of interest in a previous drug investigation constitute reasonable suspicion under the totality of the circumstances to extend the traffic stop to address a drug offense. We conclude that the stop was not extended impermissibly.

¶9      We turn to the arguments Jackson claims his trial counsel should have made in support of his motion to suppress:  that the law enforcement officers exceeded the scope of Jackson's consent when they searched inside his shoes and socks and, assuming Jackson consented to the search, that he withdrew that consent by stepping away from the officer once the officer noticed an unusual bulge inside his sock.  We conclude that even if Jackson withdrew his consent before the officer pulled the heroin from his sock, the officer nevertheless lawfully seized the heroin under the plain touch doctrine.

---

[1] Jackson offers alternative explanations for the presence of these items in his vehicle. Our focus is on what a reasonable police officer would make of the items in plain view.  *See State v. Post*, 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634.

¶10 Evidence is lawfully seized under the plain touch exception to the warrant requirement "when an officer touches or feels an object" during a lawful search, and the officer's "training and experience lead[s] the officer to believe [the object] may be contraband." *State v. Applewhite*, 2008 WI App 138, ¶12, 314 Wis. 2d 179, 758 N.W.2d 181 (citation omitted).

¶11 We apply the plain touch doctrine. The law enforcement officer testified that Jackson consented to a search and in the course of patting down Jackson's sock, the officer noted the unusual bulge. The officer's training and experience and the facts known to the officer led the officer to believe drugs might be secreted in Jackson's sock.[2] Under the plain touch doctrine, the officer lawfully seized the heroin in Jackson's sock regardless of the status of Jackson's consent at that time. Therefore, a motion to suppress based on the status of Jackson's consent would not have succeeded, and trial counsel's performance did not prejudice Jackson. Counsel cannot be faulted for failing to bring a motion that would have been unsuccessful. *See State v. Simpson*, 185 Wis. 2d 772, 784, 519 N.W.2d 662 (Ct. App. 1994).

¶12 The circuit court properly exercised its discretion when it denied Jackson's postconviction motion without a hearing. The record conclusively shows that trial counsel was not ineffective. *Allen*, 274 Wis. 2d 568, ¶12.

---

[2] The officer testified that in his experience, approximately "a quarter of [the] time we locate narcotics" in shoes and socks.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.