COURT OF APPEALS
DECISION
DATED AND FILED

February 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP15-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2014CF3290

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DO THAO,

DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Milwaukee County:  JEFFREY A. WAGNER, Judge.  *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Do Thao appeals a judgment convicting him of two counts of first-degree reckless homicide.  He also appeals orders denying his

postconviction motions. Thao argues that he should be allowed to withdraw his no-contest pleas because his trial counsel provided him with constitutionally ineffective assistance by giving him incorrect legal advice regarding voluntary intoxication. Upon review, we affirm.

¶2 Thao shot and killed the driver and front seat passenger of a moving car in which he was riding as a back seat passenger. The car then crashed into a building. Thao was found in some nearby bushes with an empty gun holster attached to his belt. His clothes were covered in blood and he was extremely intoxicated. Thao told the police that he "had to do it." Thao's gun was found in the car. The driver and front seat passenger both died. Thao told the police that he had been drinking the night of the shooting and did not remember what happened. He acknowledged that the gun found in the car was his gun.

¶3 Thao was initially charged with two counts of first-degree intentional homicide. Pursuant to a plea agreement, he pled no-contest to two counts of first-degree reckless homicide. The circuit court sentenced him to two consecutive terms of twenty-one years of initial confinement. Thao filed two postconviction motions to withdraw his no-contest pleas. The circuit court denied the motions.

¶4 To prove a claim of ineffective assistance of counsel, a defendant must show both that his lawyer performed deficiently and that this deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test for deficient performance is whether counsel's representation "fell below an objective standard of reasonableness[.]" *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted). To show prejudice, "the defendant must show that 'there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.*, ¶37 (citation omitted). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. *Strickland*, 466 U.S. at 697. When a defendant alleges that he or she is entitled to post-sentencing plea withdrawal based on ineffective assistance of counsel, the defendant must show that he or she received constitutionally ineffective assistance from trial counsel and that but for counsel's deficient act or omission, the defendant would not have entered the plea and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

¶5    "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. "Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review *de novo*." *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996) (emphasis added).

¶6    Thao argues that his trial counsel told him that voluntary intoxication was not an available defense, which Thao argues was an incorrect interpretation of the state of the law in Wisconsin. Thao contends that he was entitled to a hearing because the following facts, if true, entitle him to relief:

> (1) there was a strong factual basis for an intoxication defense; (2) the availability of an intoxication defense … was pivotal to his decision to enter a plea; (3) he had communications with his counsel about whether he had a right to present such a defense; (4) those communications included a discussion of [*Montana v. Egelhoff*, 518 U.S. 37 (1996)]; (5) counsel informed him that *Egelhoff*, given Wisconsin's repeal of the defense of voluntary intoxication, foreclosed any ability to use intoxication as a defense; (6) based on this representation, he felt compelled to waive all of his rights and enter a plea; and (7) had he understood

the true nature of the law on the issue, he would not have entered a plea.

¶7	Assuming for the sake of argument that Thao's counsel's advice to Thao was based on a misinterpretation of the law—and we emphasize that we have *not* reached this conclusion—we reject Thao's argument that he received ineffective assistance of trial counsel because Thao has not adequately alleged that he was prejudiced by his trial counsel's actions; that is, he has not alleged facts that, if true, show that he would not have entered pleas and would have insisted on going to trial.

¶8	Thao asserts that he would have gone to trial but does not provide any reasons to support or substantiate his assertion. He does not explain *why* he would not have entered his pleas had he understood the true nature of the law. He does not address how his purported ability to bring his intoxication to the jury's attention would have caused him to forego the opportunity to mitigate his criminal exposure by accepting the plea agreement. Thao faced two first-degree intentional homicide charges with mandated life sentences. Based on pretrial discussions about the jury instructions, the jury would also have likely had before it the lesser included offenses of first-degree reckless homicide—the charges to which he pled no-contest—and homicide by intoxicated use of a firearm, which is essentially a strict liability offense. *Cf. **State v. Raczka***, 2018 WI App 3, ¶8, 379 Wis. 2d 720, 906 N.W.2d 722. To convict Thao of homicide by intoxicated use of a firearm, the State would have needed to prove only that Thao caused the death of the victims by the handling or operation of a firearm while under the influence of an intoxicant. As Thao himself acknowledged, there was evidence that showed that he was intoxicated and he admitted that the gun used to kill the victims and found in the car was his. *See **id**.* In light of the risks that standing trial presented, Thao

4

does not explain the reason why he would have taken those risks. Because Thao makes only a conclusory assertion that he would not have pled no-contest had he known the correct state of the law, we conclude that Thao was not entitled to a hearing on his motion to withdraw his pleas. The circuit court properly denied Thao's motion without a hearing.[1]

> *By the Court*.—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[1] We note that Thao appealed two orders denying his postconviction motions but did not raise any issues with regard to the first order entered June 27, 2016.